JANE B. STRANCH, Circuit Judge,
concurring in the judgment.
I agree this case was properly dismissed, but I would affirm the analysis of the district court. The ordinance, § 2-147, is substantively preempted under KRS § 83A.020 because it conflicts with the division of executive and legislative authority specified in the applicable statute, KRS § 83A.130(3) & (11). All executive authority of the city is vested in the mayor, not the city council. Id. By contrast, § 2-147 gives executive power to the city council to remove the police chief for cause even though the statute forbids the city council from performing “any executive functions except those functions assigned to it by statute.” KRS § 83A.130(11). Because the ordinance conflicts with the statute, *665 the ordinance is preempted under KRS § 8SA.020. Reeves served in the position of chief of police as an at-will employee who did not have a property interest in employment. See Williams v. London Util. Comm’n, 375 F.3d 424, 426-28 (6th Cir.2004).
Any doubt about Reeves’s status at the time his employment was terminated is resolved by two City of Georgetown ordinances enacted in 2009, Ordinance Nos. 09-010 and 09-014. Both ordinances provide that all full-time city officers, department heads, and employees serve at will in their positions as of July 1, 2011. R. 5 Page ID 47 51. At the time the mayor terminated Reeves’s employment in February 2012, these two city ordinances clearly provided that he was an at-will employee.
For these reasons, I would affirm the district court’s dismissal of the case.